# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| **JAMES R. TAYLOR,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil No. 3:15-cv-780** |
| | ) | **Judge Aleta A. Trauger** |
| | ) | |
| **ROBERTSON COUNTY BOARD OF** | ) | |
| **EDUCATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM

Defendant Robertson County Board of Education (the "Board") has filed a Motion to

Dismiss and to Strike Certain Claims (Docket No. 7), to which the plaintiff, James R. Taylor, has

filed a Response in Opposition (Docket No. 10), and the Board has filed a Reply (Docket No.

12). For the following reasons, the motion will be granted in part and denied in part.

## FACTS AND PROCEDURAL HISTORY[1]

This suit arises out of a series of conflicts between the plaintiff, James R. Taylor, and

James "Mike" Davis, the Director of Schools for Robertson County. Mr. Taylor is a resident of

Robertson County, Tennessee and was born in 1948. He was employed by the Board as a

Maintenance Supervisor from 2002 to his termination in 2014. The Board is a local education

agency that administers the public school system for Robertson County, Tennessee, and it

employs Mr. Davis.

At some point during Mr. Taylor's employment with the Board, Mr. Davis was appointed

as the Director of Schools. After Mr. Davis's appointment, Mr. Taylor lodged complaints about

---

[1] Unless otherwise noted, the facts recounted in this section are from the Complaint
(Docket No. 1) and are assumed to be true for purposes of evaluating the Motion to Dismiss.

Mr. Davis's failure to follow the policies and procedures set by the Board and the State of Tennessee. Mr. Davis continuously engaged in harassing and discriminatory conduct against Mr. Taylor based on Mr. Taylor's complaints about him. Mr. Taylor further alleges that the Board retaliated against him for making these complaints by terminating him on June 28, 2014. The Complaint does not contain any allegations regarding whether Mr. Taylor received notice of his termination before that date. The Complaint additionally alleges that, throughout this time, Mr. Davis also harassed and discriminated against Mr. Taylor based on his age, though the Complaint does not explicitly link this age-based harassment to Mr. Taylor's termination.

At some point, Mr. Taylor filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") based on his allegations regarding Mr. Davis's and the Board's conduct, and he eventually received a Right to Sue Letter from the agency. The Complaint does not contain any allegations concerning when Mr. Taylor filed the EEOC Charge or when he received the Right to Sue Letter. Mr. Taylor does not allege that he lacked knowledge or notice of the filing deadlines for his Charge or for the instant action, nor does he allege that the Board misled him with regard to these filing deadlines.

On July 16, 2015, over a year after he was terminated, Mr. Taylor filed suit against the Board. (Docket No. 1.) In the Complaint, Mr. Taylor asserts the following claims: (1) violation of rights guaranteed under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and (2) retaliatory discharge in violation of the Tennessee Public Protection Act ("TPPA"), Tenn. Code Ann. § 50-1-304, and Tennessee common law for refusing to participate in, or remain silent about, the Board's violation of state law or its own rules. Mr. Taylor requests back pay with interest, an injunction against the Board prohibiting further discrimination, compensation for non-pecuniary losses (including emotional pain), unidentified general

compensatory damages, punitive damages, and reasonable costs and attorneys' fees.  On August 31, 2015, the Board filed an Answer.  (Docket No. 9.)

On the same day that it filed its Answer, the Board filed a Motion to Dismiss and to Strike Certain Claims, accompanied by a supporting Memorandum.  (Docket Nos. 7 and 8.)  In the Motion, the Board requests that the court (1) dismiss Mr. Taylor's state law claims as time-barred (or, in the alternative, dismiss his common law retaliatory discharge claim as barred by sovereign immunity and dismiss his request for punitive damages arising from his state law claims as prohibited by state law); and (2) strike Mr. Taylor's requests for compensatory and punitive damages under the ADEA as prohibited by law.  (Docket No. 7.)  On September 14, 2015, Mr. Taylor filed a Response in Opposition to the Motion, arguing that he is entitled to equitable tolling on his state law claims, that the Board is not entitled to governmental tort immunity, and that punitive damages are available under the ADEA in the form of liquidated damages and under Tennessee law generally.  (Docket No. 10, pp. 3–6.)  On September 17, 2015, the Board filed a Reply, attaching as exhibits (without authentication or a supporting affidavit) copies of Mr. Taylor's EEOC Charge of Discrimination and his Right to Sue Letter.  (Docket Nos. 12, 12.1, and 12-2.)

## LEGAL STANDARDS

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court will "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff."  *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *accord Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002).  The Federal Rules of Civil Procedure require only that a plaintiff provide "a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is

and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (internal quotation marks omitted). The court must determine only whether "the claimant is entitled to offer evidence to support the claims," not whether the plaintiff can ultimately prove the facts alleged. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

Detailed factual allegations are not required, but a complaint's allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To establish the "facial plausibility" required to "unlock the doors of discovery," the plaintiff cannot rely on labels, "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action," but, instead, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *accord Twombly*, 550 U.S. at 555. "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556).

Federal Rule of Civil Procedure 12(f) permits the court to strike, at any time, an "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" in a pleading.

## ANALYSIS

As a preliminary matter, the court notes that both parties include in their briefings facts that are not alleged in the Complaint, and the Board attempts to introduce documentary evidence into the record by attaching exhibits to its Reply. (*See* Docket No. 10, pp. 3–4; Docket Nos. 12, 12.1, and 12.2.) The court will not consider any of this evidence in deciding this motion, because to do so would be to convert the Board's Motion into a motion for partial summary

judgment. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). Short of requesting leave to file a sur-reply, Mr. Taylor has not had an opportunity to respond to the unauthenticated exhibits attached to the Board's Reply, and the court concludes that treating this motion as one for partial summary judgment would be inappropriate at this early stage in the litigation.

I.       **Statutory and Common Law Claims for Retaliatory Discharge**

Dismissal of a claim under Rule 12(b)(6) on grounds that it is barred by the statute of limitations is warranted if "the allegations in the complaint affirmatively show that the claim is time-barred." *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012). The allegations in the Complaint affirmatively demonstrate that Mr. Taylor's claims for retaliatory discharge under the TPPA and Tennessee common law are time-barred. Under Tennessee law, the statute of limitations for both claims is one year. Tenn. Code Ann. § 28-3-104; *see also Nordahl v. Studer Revox Am., Inc.*, No. 94-6336, 1996 WL 99782, at *6 (6th Cir. Mar. 5, 1996) (noting that the one-year statute of limitations prescribed by Tenn. Code Ann. § 28-3-104 applies to retaliatory discharge claims); *Weber v. Moses*, 938 S.W.2d 387, 393 (Tenn. 1996) (same). In Tennessee, the one-year limitations period on claims for retaliatory discharge begins to run once the plaintiff has been provided with "unequivocal notice" of his termination. *Fahrner v. SW Mfg., Inc.*, 48 S.W.3d 141, 144 (Tenn. 2001). Mr. Taylor does not allege that he was given any advance notice of his termination, and so the statute of limitations began running, at the very latest, on the day he was terminated: June 28, 2014. Mr. Taylor was, therefore, required to file his claims on or before June 28, 2015, but he did not initiate the instant action until July 16, 2015, almost a

month after the statute of limitations had run on his claims.[2] (*See* Docket No. 1.) Accordingly, Mr. Taylor's statutory and common law claims for retaliatory discharge are time-barred.

Mr. Taylor contends that he is entitled to equitable tolling of the statute of limitations because the Board was "on notice of [his] state law claims within the applicable statute of limitations." (Docket No. 10, p. 3.) As a preliminary matter, the court notes that, although the parties have both relied on federal principles of equitable tolling in the briefing, federal courts "generally refer[] to *state law* for tolling rules" when reviewing state law claims with corresponding state law statutes of limitations. *Wallace v. Kato*, 549 U.S. 384, 394 (2007) (emphasis added); *accord Hardin v. Straub*, 490 U.S. 536, 538–44 (1989). Tennessee does not recognize the doctrine of equitable tolling, and Tennessee courts instead apply the doctrine of "equitable estoppel," which tolls the running of the statute of limitations where the defendant has "misled the plaintiff into failing to file [his] action within the statutory period of limitations." *Norton v. Everhart*, 895 S.W.2d 317, 321 (Tenn. 1995); *accord Fahrner*, 48 S.W.3d at 145. Mr. Taylor cites no precedent – nor is the court aware of any – to support his argument that, by merely placing the defendant on notice of his claims, a plaintiff is entitled to equitable estoppel of the limitations period. Mr. Taylor also, and more significantly, does not allege that the Board did anything to mislead him with regard to his state law claims or the appropriate time period in which to file them. Mr. Taylor has not, therefore, alleged facts giving rise to the inference that, under Tennessee law, he is entitled to the tolling of the statute of limitations with regard to his claims of retaliatory discharge.

---

[2] Mr. Taylor argues that the purpose of the statute of limitations is not "frustrated" by his delay of only 18 days in filing his claim. (Docket No. 10, p. 4.) The established procedure in the Sixth Circuit, however, is that courts "will not extend the statute of limitations 'by even a single day.'" *Ruth v. Unifund CCR Partners*, 604 F.3d 908, 910 (6th Cir. 2010) (quoting *Graham–Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000)).

Without reaching the question of whether this court has the authority to apply federal

principles of equitable tolling to a plaintiff's time-barred state law claim when the plaintiff was

not entitled to tolling under state law, the court notes that Mr. Taylor has not demonstrated that

he would be entitled to equitable tolling under federal law (as he has argued he is). The Sixth

Circuit laid out the following five factors for courts to consider in determining whether a party

whose complaint is time-barred is nonetheless entitled to equitable tolling:

> (1) the petitioner's lack of [actual] notice of the filing requirement; (2) the
> petitioner's lack of constructive knowledge of the filing requirement; (3) diligence
> in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the
> petitioner's reasonableness in remaining ignorant of the legal requirement for
> filing his claim.

*Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 437 (6th Cir. 2007). The doctrine of equitable

tolling is to be applied sparingly, *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990), and

typically applies "only when a litigant's failure to meet a legally-mandated deadline unavoidably

arose from circumstances beyond the litigant's control," *Vroman v. Brigano*, 346 F.3d 598, 604

(6th Cir. 2003). The Complaint contains no allegations that give rise to an inference that Mr.

Taylor lacked notice or knowledge of his state law claims, and it does not describe any

circumstance beyond Mr. Taylor's control that led to his failure to file the instant suit within one

year of his termination. Mr. Taylor's briefing suggests that he did not file within a year because

he was pursuing a remedy with the EEOC at the time, (Docket No. 10, p. 4), but the plaintiff's

diligence in prosecuting a Charge of Discrimination with the EEOC is generally not a sufficient

or legitimate basis for tolling the applicable statute of limitations on the plaintiff's other claims.

*See Carver v. U-Haul Co.*, 830 F.2d 193, No. 86-6166, 1987 WL 44437, at *1 (6th Cir. Oct. 2,

1987) (noting that the Supreme Court has ruled that the filing of an EEOC claim does not toll the

statute of limitations on related civil rights actions, including those brought under § 1983 (citing

*Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454 (1975)). Rather, as the Board argues, the fact

that Mr. Taylor diligently pursued his Charge with the EEOC at the same time that the statute of limitations ran on his state law claims only highlights his lack of diligence in pursuing the state law claims in this court.

For the foregoing reasons, the court will dismiss without prejudice Mr. Taylor's claims under the TPPA and Tennessee common law for retaliatory discharge. Because the court is dismissing Mr. Taylor's state law claims in their entirety, the court will not consider the Board's alternative arguments that the court should (1) dismiss the common law retaliatory discharge claim as barred by sovereign immunity or (2) dismiss the request for punitive damages with respect to both the statutory and common law claims for retaliatory discharge.

## II. Requests for Compensatory and Punitive Damages under the Age Discrimination in Employment Act

The Board argues that the court should strike Mr. Taylor's requests for compensatory and punitive damages under the ADEA as prohibited by law. (Docket No. 7.) As a general matter, monetary damages under the ADEA are "limited to back wages, which are clearly of an 'economic character,' and liquidated damages . . . ." *Comm'r of Internal Revenue v. Schleier*, 515 U.S. 323, 336 (1995). Mr. Taylor is, therefore, entitled only to these two forms of relief under the ADEA; he is not entitled to general compensatory damages and compensation for non-pecuniary losses. *See id.* ("[T]he ADEA provides no compensation for any of the traditional harms associated with personal injury." (internal quotation marks omitted)); *Hill v. Spiegel, Inc.*, 708 F.2d 233, 235–36 (6th Cir. 1983) (noting that the ADEA does not authorize awards of compensatory damages for emotional injury or mental suffering). Accordingly, Mr. Taylor's requests for compensatory damages arising from his ADEA claim will be stricken from the Complaint.

The court will not, however, strike Mr. Taylor's request for punitive damages. While the

ADEA does not authorize general punitive damages, it does authorize liquidated damages, which

are "punitive in nature" and permitted only if the employer's violation of the ADEA is "willful."

*Carberry v. Monarch Marking Sys., Inc.*, 30 F. App'x 389, 394 (6th Cir. 2002). Under the

ADEA, liquidated damages are limited to an amount equal to the amount of back pay the

plaintiff receives. 29 U.S.C. § 216(b). The Complaint does not specifically request liquidated

damages, but, from the Response, it appears that Mr. Taylor intends his request for punitive

damages to be construed as one for liquidated damages under the ADEA. (*See* Docket No. 10,

pp. 5–6.) The court, therefore, will not strike Mr. Taylor's claim for punitive damages, but will

limit this request to one for liquidated damages as authorized by the ADEA.

## CONCLUSION

For the reasons discussed herein, the Board's Motion to Dismiss and to Strike Certain

Claims will be granted with respect to (1) dismissing Mr. Taylor's statutory and common law

claims for retaliatory discharge and (2) striking Mr. Taylor's request for compensatory damages

under the ADEA, including his request for compensation for non-pecuniary losses. The motion

will, however, be denied with respect to striking Mr. Taylor's request for punitive damages

under the ADEA, but the request is construed as one that is limited to the liquidated damages that

are authorized by the ADEA.

An appropriate order will enter.

_____
ALETA A. TRAUGER
United States District Judge